UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------ x
MARVIN E. OWENS,                                :
                                                :
                    Plaintiff,                  :     **ORDER TO AMEND**
                                                :     **COMPLAINT**
        -against-                               :
                                                :     3:24-cv-01824 (VDO)
STATE OF CONNECTICUT, *et al*.,                 :
                    Defendants.                 :
------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Marvin Owens, currently incarcerated at Bridgeport Correctional Center, filed this civil rights action under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's 188-page complaint alleges a minimum of 62 claims against 29 defendants. (*Id.*) Because Plaintiff's complaint fails to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure, Plaintiff is ordered to file an amended complaint.

"*Pro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). But *pro se* litigants are still required to comply with the Federal Rules of Civil Procedure, *Eason v. Maletz*, No. 24-CV-1493 (VDO), 2024 WL 4814266, at *2 (D. Conn. Nov. 18, 2024) (citation omitted), which includes Rule 8. *Triestman*, 470 F.3d at 477 ("[P]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal quotation marks and citation omitted); *see, e.g., Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs

1

alike."). Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original; quotation omitted). A statement of a claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Harden v. Doe*, No. 19-CV-3839 (CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks and citation omitted).

Where a litigant does not comply with Rule 8's requirements, the court may strike any portion of the complaint that is redundant or immaterial pursuant to Rule 12(f). *See* Fed. R. Civ. P. 12(f). Alternatively, it may dismiss the complaint in its entirety in those cases "in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42 (citation omitted). In *Salahuddin*, the Second Circuit found "no doubt" that plaintiff's complaint, which "span[ned] 15 single-spaced pages and contain[ed] explicit descriptions of 20–odd defendants, their official positions, and their roles in the alleged denials of Salahuddin's rights," failed to comply with the "short and plain statement" requirement of Rule 8. *Id*. at 43. Accordingly, the court stated that "the district court was within the bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8." *Id*.; *see also Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (stating that "[t]he District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule 8(a)" because "[t]he pleading, which spanned 57 pages and contained 597 numbered paragraphs,

was far from short or plain."); *Rosa v. Goord*, 29 Fed. App'x 735, 735 (2d Cir. 2002) (affirming dismissal of complaint and amended filings which "remained prolix and not susceptible of a responsive pleading").

Here, Plaintiff's 188-page complaint is neither "short and plain," Fed. R. Civ. P. 8(a), nor "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rather than containing a single concise statement of facts, the complaint embeds facts in claims that are variously numbered, lettered, or unidentified. Claims are sometimes listed under each defendant or defendants are listed under each claim. Claims are also sometimes identified without any further explanation. As a result, the Court cannot discern from the complaint which defendant is responsible for which alleged constitutional violation. Even if the Court could determine this, defendants would be unable to appropriately respond to Plaintiff's allegations if the complaint proceeded to service after initial review.

Plaintiff's complaint also does not comply with Rule 20's requirements governing party joinder. Rule 20 applies equally to *pro se* litigants. *See Eason*, 2024 WL 4814266, at *2. Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: (A) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As

3

the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978) (citation omitted). Here, Plaintiff asserts numerous claims against multiple defendants, with both the parties and claims being unrelated in many instances. Additionally, the facts supporting these claims span several years with no logical connection to justify adjudicating them together. Because such claims do not "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences," Fed. R. Civ. P. 20(a)(2), Plaintiff's complaint fails to comply with Rule 20.[2]

Because the Second Circuit has expressed a preference for deciding cases on their merits, it will generally find failure to grant leave to amend an abuse of discretion where the sole ground for dismissal is that the complaint does not constitute a short and concise statement

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted); *see also* 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1653 (3d ed. 2024).

[2] Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner complaints under 28 U.S.C. § 1915A. As two commentators have noted:

> In the past, courts did not always pay much attention to this rule. However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain grounds.

John Boston & Daniel E. Manville, *Prisoners' Self-Help Litigation Manual* 348 (4th ed. 2010) (collecting cases). Indeed, if the Court reviewed Plaintiff's complaint striking redundant or immaterial allegations, as opposed to ordering him to amend the complaint in its entirety, Plaintiff would circumvent the PLRA's "three strikes" rule and filing fee requirements.

or comply with rules governing joinder. Fed. R. Civ. P. 15(a); s*ee*, *e.g.*, *Salahuddin*, 861 F.2d at 42. Accordingly, the plaintiff is hereby directed to file an amended complaint that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure.

To comply with Rule 8, Plaintiff's amended complaint should explain in *short and plain* statements the following: (1) who allegedly violated his federally protected rights; (2) how that person or entity allegedly violated his federally protected rights; (3) when and where that person or entity allegedly violated his federally protected rights; and (4) why he allegedly is entitled to relief (and if so, what relief he is seeking). To comply with Rule 20, Plaintiff's amended complaint should only contain claims that "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences." Fed. R. Civ. P. 20(a)(2). Lastly, Plaintiff's amended complaint should only contain claims within the three-year statute of limitations. *Thompson v. Rovella*, 734 F. App'x 787, 788–89 (2d Cir. 2018) (quotation omitted) ("The statute of limitations applicable to § 1983 claims is 'borrowed' from that 'for the analogous claim under the law of the state where the cause of action accrued, which in Connecticut is three years.'"). Those claims should only be brought against defendants who are not immune from suit under 42 U.S.C. § 1983.

Plaintiff is hereby directed to file an amended complaint that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure. The amended complaint will be due within **thirty (30) days** from the date of this order. If Plaintiff fails to file an amended complaint by this date or files an amended complaint that does not comply with the Federal Rules of Civil Procedure or the requirements of this order, the Court will dismiss this case with prejudice.

|  | **SO ORDERED.** |
|---|---|
| Hartford, Connecticut | |
| March 21, 2025 | |
| | /s/Vernon D. Oliver |
| | VERNON D. OLIVER |
| | United States District Judge |